**In re Gary Raymond DONAHUE, Debtor.**

**Bankruptcy No. 84–20997.**
**Civ. A. No. 85–2563–S.**

United States District Court, D. Kansas.

July 1, 1986.

F. Stannard Lentz, Mission, Kan., for movant.

Joseph N. Vader, Olathe, Kan., for debtor.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is an appeal from a decision of the bankruptcy court. Appellant is the ex-wife of the debtor in this case. The parties were divorced in Johnson County, Kansas, on August 11, 1982. Pursuant to the divorce decree, the court in dividing the property set forth to appellant:

E. Judgment against the defendant in the amount of $43,650, payable on February 15, 1983, or upon the remarriage of the defendant, the sale of the property, or a conveyance or mortgage of the property, whichever should occur first; judgment shall bear interest at the judgment rate of interest when the same is due and subject to execution.

The debtor-appellee was awarded:

A. Real property legally described as follows, subject to any indebtedness thereon and to the judgment to plaintiff in the amount of $43,650:

The Southwest ¼ of Section 27, Township 17, Range 25, Miami County, Kansas.

Appellee filed a voluntary Chapter 7 petition with the bankruptcy court on November 7, 1984, wherein appellant was listed as an unsecured creditor. On January 14, 1985, appellant filed a proof of claim asserting her status as a secured creditor in the amount of $43,650.00 by virtue of her divorce decree.

The bankruptcy court, in a Journal Entry dated October 23, 1985, found that appel- lant failed to perfect her lien in the real property located in Miami County as required by K.S.A. 60–2202 by filing an attested copy of the Journal Entry in Miami County. The bankruptcy court concluded that at the time of the filing of the Petition in Bankruptcy, appellant's claim was unsecured and therefore discharged in the bankruptcy proceeding.

On appeal, appellant argues that she acquired a valid lien by virtue of her divorce decree and that the filing of the journal entry in Miami County would have only served to perfect her lien from the claims of third parties. Appellant argues that the decision of the bankruptcy court overlooks the distinction between attachment and perfection and that while her lien may not have been perfected, it certainly had attached.

K.S.A. 60–2202 provides in pertinent part:

(a) Any judgment rendered in this state on or after January 10, 1977, by a court of the United States, or any judgment rendered by a district court of this state on or after such date in an action commenced pursuant to chapter 60 of the Kansas Statutes Annotated shall be a lien on the real estate of the debtor within the county in which judgment is rendered. Except as provided in subsection (c), the lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the entry of the judgment. An attested copy of the journal entry of any such judgment or any judgment rendered by a district court prior to January 10, 1977, together with a statement of the costs taxed against said debtor in the case, may be filed in the office of the clerk of the district court of any other county upon payment of the five-dollar fee prescribed by K.S.A. 28–170, and such judgment shall become a lien on the real estate of the debtor within that county from the date of filing such copy. The clerk shall enter such judgment on the appearance and judgment dockets in the

same manner as if rendered in the court in which said clerk serves. Executions shall be issued only from the court in which the judgment is rendered.

The above-quoted statute is clear. Appellant has failed to comply with the terms of the statute in that the Johnson County journal entry was never recorded in Miami County prior to appellee's filing of a petition in bankruptcy. Therefore the lien cannot be imposed on the real estate in that county. The judgment of the bankruptcy court must be affirmed.

IT IS BY THE COURT THEREFORE ORDERED that the judgment of the bankruptcy court is hereby affirmed.